IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THERON BRADLEY, and TOMMY JENKINS on behalf of themselves and similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | Judge |
| SILVERSTAR, LTD, GOLD STANDARD TRANSPORTATION, INC., and AMAZON.COM, LLC, | ) ) ) ) | Magistrate Judge |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs Theron Bradley and Tommy Jenkins through their attorneys, against Defendants Silverstar, LTD (hereafter "Silverstar"), Gold Standard Transportation, Inc. (hereafter "Gold Standard"), and Amazon.com, LLC (Amazon.com") (collectively "Defendants") state as follows:

**I.     NATURE OF THE CASE**

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL") for: 1) Defendants' failure to pay Plaintiffs and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and the IMWL. For claims arising under the FLSA, Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA. For claims arising under the IMWL, Plaintiffs seek to certify these claims as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b). Plaintiffs' consents to act as Class Representatives in this Section 216(b) are attached as Exhibit A.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district because at least one of Defendants maintain offices within this judicial district and the events giving rise to Plaintiffs' claims occurred in this judicial district.

## III. PARTIES

**Plaintiffs**

4. Each Plaintiff has:

   a. resided in and is domiciled in within this judicial district in Illinois;

   b. handled goods that have moved in interstate commerce; and

   c. been an "employee" of Defendants Silverstar, Gold Standard and Amazon.com in Illinois as that term is defined by the FLSA, 29 U.S.C. §201 *et seq.*, and the IMWL, 820 ILCS 115/3(d).

**Defendant**

5. Within the relevant time period, Defendant Silverstar:

   a. has been a corporation organized under the laws of the State of Illinois;

   b. has maintained offices and conducted business in Illinois and within this judicial district;

   c. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

   d. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

   e. was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS 105/3(c).

2

6. Within the relevant time period, Defendant Gold Standard:

   a. has been a corporation organized under the laws of the State of Illinois;

   b. has maintained offices and conducted business in Illinois and within this judicial district;

   c. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

   d. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

   e. was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS 105/3(c).

7. Within the relevant time period, Defendant Amazon.com:

   a. has been a corporation organized under the laws of the State of Delaware;

   b. has maintained offices and conducted business in Illinois and within this judicial district;

   c. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

   d. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

   e. was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS 105/3(c).

## IV.   FACTUAL BACKGROUND

8. Defendants Silverstar and Gold Standard operate a carrier and logistics business and among other activities provide trucks and/or drivers to deliver goods for Amazon customers in Illinois.

9. At all relevant times, Silverstar and Gold Standard, have been associated with and/or related to each other with respect to Plaintiffs and other similarly situated employees such

that they are a "joint employer" of Plaintiffs and other similarly situated employees in that, *inter alia*:

    a. Both Silverstar and Gold Standard are in the transportation and logistics business;

    b. Silverstar and Gold Standard share human resources;

    c. Silverstar and Gold Standard share common management. For example, Plaintiffs' supervisor John Mucci, was a manager and supervisor for both Silverstar and Gold Standard;

    d. Gold Standard advertises and recruits workers for Silverstar.

    e. Silverstar and Gold Standard share their main office space, located at 13756 S. Kildare Avenue, Crestwood, Illinois;

    f. Silverstar and Gold Standard share control over Plaintiffs' employment

10. Plaintiffs and similarly situated employees worked for Defendants delivering items purchased from Amazon.com to the customers who purchased said items.

11. At all relevant times, Amazon.com, has been associated with and/or related to Defendants Silverstar and Gold Standard with respect to Plaintiffs and other similarly situated employees such that they are a "joint employer" of Plaintiffs and other similarly situated employees in that, *inter alia*:

    a. After being hired, Plaintiffs were trained by Amazon.com personnel with some participation from Silverstar and Gold Standard personnel;

    b. Each morning, Plaintiffs and similarly situated employees report to a warehouse operated by Amazon.com, located at 2801 S. Western Ave., Chicago, Illinois, where their vans are loaded with Amazon.com merchandise, and where they receive work instructions and direction from Amazon.com personnel;

    c. Plaintiffs and similarly situated employees are required to wear Amazon.com uniforms while delivering Amazon.com merchandise and drive vans with the Amazon logo.

    d. Plaintiffs and similarly situated employees have to report problems delivering packages directly to Amazon.com

    e. On information and belief, Amazon tracks the performance of Plaintiffs and

similarly situated employees;

 f. Plaintiffs and similarly situated employees are jointly supervised by Amazon personnel in coordination with Silverstar and Gold Standard personnel.

 g. On information and belief, Amazon.com has procedures in place to evaluate and discipline Plaintiffs and similarly situated employees.

12. Plaintiff Theron was employed by Defendants from approximately late June 2016 through approximately early August 2016.

13. Plaintiff Jenkins was employed by Defendants from approximately early July 2016 through approximately mid August 2016.

14. During the course of their employment, Plaintiffs and other similarly situated employees regularly worked in excess of forty (40) hours in individual workweeks.

15. Defendants failed to pay Plaintiffs and similarly situated employees the overtime premium of one and a half times their regular rate of pay for all time worked in excess of forty hours in individual work weeks.

## V. CLASS ACTION ALLEGATIONS

16. Plaintiffs will seek to certify their state law claims arising under the IMWL for Illinois-mandated overtime wages (Count II) as a Rule 23 Class Action. Plaintiffs will ask the Court to determine the rights of the parties pursuant to the IMWL, and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the class.

17. Count II is brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

 a. the class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at

        this time, Plaintiffs are informed and believe that Defendants have employed over seventy persons in Illinois during the IMWL Class Period;

b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

    (i) Whether Defendants jointly employed Plaintiffs and the Class;

    (ii) Whether Plaintiffs and the Class were exempted from the overtime provisions of the IMWL;

    (iii) Whether Plaintiffs and members of the Class worked in excess of forty hours in individual work weeks during the Class period; and

    (iv) Whether Defendants failed to pay Plaintiffs and the Class at time and a half their regular rate of pay for all time worked in excess of forty (40) hours per individual work week during the IMWL class period.

c. The Class Representatives and Class Members have been equally affected by Defendants' failure to pay overtime wages;

d. Class Members will be reluctant to bring forth claims for unpaid wages out of fear of retaliation;

e. The Class Representatives, Class Members and Defendants have a commonality of interest in the subject matter and remedies sought and the Class Representatives are able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants and the Court.

18. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violation of the FLSA – Overtime Wages
*Plaintiff on behalf of themselves and similarly situated employees*

Plaintiffs incorporate and re-allege paragraphs 1 through 18 as though set forth herein.

19. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiffs one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in a work week, described more fully in paragraphs 8 - 15, *supra*.

20. Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

21. Other similarly situated employees were also directed to work in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

22. Plaintiffs and similarly situated employees were not exempt from the overtime provisions of the FLSA.

23. Plaintiffs and similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

24. Defendants did not pay Plaintiffs and similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

25. Defendants' failure to pay Plaintiffs and the Class overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

26. Plaintiffs and the Class are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of all unpaid overtime wages owed to Plaintiffs and the Class;

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II

### Violation of the IMWL – Overtime Wages
*Plaintiffs of behalf of themselves and a Class of similarly situated employees*

Plaintiffs incorporate and re-allege paragraphs 1 through 26 as though set forth herein.

27. This Count arises from Defendants' violation of the IMWL for their failure to pay Plaintiffs time and a half their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks, as described more fully in paragraphs 8 - 15, *supra*.

28. Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

29. Plaintiffs were not exempt from the overtime provisions of the IMWL.

30. Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

31. Defendants did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

32. Defendants likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be

8

paid overtime wages for all compensable time in excess of forty (40) hours in individual work weeks.

33. Defendants did not pay other persons similarly situated overtime wages for all compensable time in excess of forty (40) hours worked in individual work weeks.

34. Defendants' failure to pay Plaintiffs and other persons similarly situated overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the IMWL.

35. Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

36. The Class that Plaintiffs seeks to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all individuals employed by Defendants as drivers in Illinois from November 1, 2013 and up through the date of judgment.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all back wages due to Plaintiffs and the Class as provided by the IMWL;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendants have violated the IMWL;

E. That the Court enjoin Defendants from violating the IMWL;

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

G. Such other and further relief as this Court deems appropriate and just.

Dated: November 1, 2016

>  */s/Alvar Ayala*
> Alvar Ayala (ARDC #6295810)
> Christopher J. Williams (ARDC #6284262)
> Workers' Law Office, P.C.
> 53 W. Jackson Blvd, Suite 701
> Chicago, IL 60604
> (312) 795-9121
>
> Attorneys for Plaintiffs