UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERON BRADLEY, and TOMMY JENKINS, on behalf of themselves and similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SILVERSTAR, LTD, GOLD STANDARD TRANSPORTATION, INC., and AMAZON.COM, LLC,<br><br>Defendants. | No. 16 CV 10259<br><br>Magistrate Judge Young B. Kim<br><br>December 21, 2017 |

**PRELIMINARY APPROVAL ORDER**

Theron Bradley and Tommy Jenkins ("Plaintiffs"), on behalf of themselves and other similarly situated persons, (the "Class") have moved for preliminary approval of a proposed class action settlement. After reviewing the Parties' proposed Class Action Settlement Agreement ("Agreement"), together with the proposed Class Notice, and other attachments thereto, as well as Plaintiffs' Unopposed Motion for Preliminary Approval and supporting documents, the court finds and orders as follows:

1. The court finds on a preliminary basis that the class settlement ("Settlement") memorialized in the Agreement is fair, reasonable and adequate. The Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2. The court has considered the pleadings and arguments made by the Parties in support of the motion for preliminary approval and finds that the proposed Settlement Class is proper and should be provisionally certified. The following Settlement Class is hereby provisionally certified for purposes of settlement only pursuant to Federal Rule of Civil Procedure 23 as follows:

> The 134 individuals, including the Class Representatives, who have been employed as delivery drivers by Defendant Silverstar Ltd. between June 1, 2016, and April 1, 2017, and whose names are reflected in Exhibit A to the Parties' Stipulation of Settlement.

Solely for the purposes of settlement, the court finds that: (1) the Settlement Class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the Settlement Class; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class; and (4) the Class Representatives will fairly and adequately protect the interests of the Settlement Class. Further, for purposes of settlement only, the court finds that the proposed Settlement Class meets the predominance and superiority requirements of Federal Rules of Civil Procedure 23(b)(3). Certification of the Class for settlement purposes is the best means of protecting the interests of all of the Class Members.

3. Solely for the purposes of the proposed Settlement, the court preliminarily approves Christopher J. Williams and Alvar Ayala of Workers' Law Office, P.C. as Class Counsel. The court also hereby preliminarily approves the named Plaintiffs as the Class Representatives.

4. The court approves, as to form and content, the proposed Class Notice attached to the Agreement. The court finds that the procedures for notifying the

Class about the Settlement as described in the Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process.

5. A hearing for purposes of determining whether the Settlement should be finally approved shall be held before this Court on April 19, 2018, at 11:00 a.m., in courtroom 1019 of the United States District Court, 219 South Dearborn, Chicago, Illinois. At the hearing, the court will hear arguments concerning whether the proposed Settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be approved by the court.

6. The following schedule shall govern the issuance of class notice:

    a. By January 12, 2018, the Settlement Administrator (as identified in the Stipulation of Settlement) shall mail notice of the proposed settlement to Class Members (First Mailing);

    b. If any of the notices to class members are returned as undeliverable and a forwarding address is provided by the United States Postal Service by February 12, 2018, the Settlement Administrator will promptly conduct a second mailing as provided in the Settlement Agreement between the Parties;

    c. Class Members will have until March 13, 2018, to exclude themselves from the settlement or object to the settlement (the "Opt Out and Objection Deadline").

    d. No Class Member shall purport to exercise any exclusion rights of any other person, or purport to opt-out other Class Members as a group, aggregate, or class involving more than one Class Member, or as an agent or representative. Any such purported opt-outs shall be void, and the Class Members that are the subject of the purported opt-out shall be treated as Settlement Class Members for all purposes.

  e. Parties will submit to the Court any necessary documents for the Court's consideration of Final Approval of the Settlement Agreement, including any Motions, final calculations of settlement payments to the Class Members, and responses to any objections and/or comments by April 3, 2018.

  7. Pending the court's decision on final approval of the Settlement and entry of the court's Order of Final Approval and Judgment, Plaintiffs and all Class Members and anyone acting on behalf of any Class member shall be barred and enjoined from: (a) further litigation in this case; or (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual or class or collective action basis any action, claim or proceeding against Defendant in any forum in which any of the Released Claims are asserted, or which in any way would prevent any such claims from being extinguished.

  8. All Class Members who fail to exercise their right to Opt-Out of the Settlement Class shall be bound by all determinations and judgments in the Lawsuit concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

  9. All Class Members objecting to the terms of the Settlement must do so in writing no later than the Opt Out and Objection Deadline.

  10. Any Class Member who wishes to be excluded and opt out from the Settlement Class and not participate in the proposed Settlement must complete and mail a Request for Exclusion no later than the Opt Out and Objection Deadline.

  11. Any Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed Settlement of the Lawsuit

4

should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that Class Member has, no later than the Opt Out and Objection Deadline, served by first class mail on the Settlement Administrator, Class Counsel and Defense Counsel, written objections, and copies of any papers and briefs in support thereof, explaining the basis of the objection. All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Class Member who does not timely file and serve his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement unless otherwise ordered by the Court.

12. In the event that the Effective Date (as explained in the Agreement) does not occur, the Settlement and the Agreement shall be deemed null and void and shall have no effect whatsoever.

13. The parties are ordered to carry out the Settlement according to the terms of the Agreement.

14. To the extent any prior order of this court related to this action is inconsistent with the activities contemplated by the Agreement, said orders are

hereby modified so as to allow the activities contemplated by the Agreement until such time as the Settlement is finally approved or deemed null and void.

                                **ENTER:**

                                _____
                                **Young B. Kim**
                                **United States Magistrate Judge**