UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERON BRADLEY, and TOMMY JENKINS, on behalf of themselves and similarly situated individuals, ) ) ) ) | No. 16 CV 10259 |
| Plaintiffs, ) ) | |
| v. ) ) | Magistrate Judge Young B. Kim |
| SILVERSTAR, LTD, GOLD STANDARD TRANSPORTATION, INC., and AMAZON.COM, LLC, ) ) ) ) ) | |
| Defendants. ) | April 19, 2018 |

**FINAL APPROVAL ORDER**

The Parties having appeared before the Court on April 19, 2018, for a Hearing on Final Approval in the above-captioned matter; the Court having reviewed the Plaintiffs' Unopposed Motion for Final Approval of Parties' Class Action Settlement and other related materials submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval; and otherwise being fully informed in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b), including all members of the Settlement Class, preliminarily certified for settlement purposes only by Order dated December 21, 2017 (R. 67, Preliminary Approval Order), and defined as follows:

> The 134 individuals, including the Class Representatives who have been employed as delivery drivers by Defendant Silverstar between June 1, 2016 and April 1, 2017, and whose names are reflected in Exhibit A to the Parties' Stipulation of Settlement.

2. The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action only. The Court finally certifies the Settlement Class for purposes of settlement of this action only.

3. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class ("Class Members") via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, the manner in which their economic recovery would be calculated if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement Class and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class Members of resources available to them to obtain additional details on this case and the Class Action Settlement, including Class Counsel's telephone number. The Court finds that the Class Notice provided satisfied the requirements of Rules 23(c)(2)(B) and 23(e)(1).

4. The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of the Plaintiffs' case on the merits, weighed against Defendants' defenses, and the complexity, length, and expense of further litigation,

support approval of the Settlement; the Total Settlement Amount of Ninety Four Thousand Two Hundred Ninety Four and 00/100 Dollars ($94,294.00) is a fair, reasonable and adequate settlement of the Class claims; the Settlement was reached pursuant to arms-length negotiations between the Parties; the support for the Settlement expressed by Class Counsel and counsel for Defendants, who both have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; the absence of any putative Class Members filing objections to the Settlement and of any Class Member opting out of the settlement supports approval of the Settlement; and the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and that the stage of the proceedings thus warrants approval of the Settlement.

5. As identified by the Plaintiffs' Unopposed Motion for Final Approval and supporting Memorandum of Law, the Court finds that there were zero objections made to this Settlement and zero individuals requested exclusion from the Settlement Class.

6. All Class Members shall each receive their ratable share of the net Class Settlement Fund in accordance with the calculations set forth in Paragraph 56 of the Settlement.

7. Payments to each Named Plaintiffs in the amount of Two Thousand Dollars and No Cents ($2,000.00) as payments for service to the Class are approved

and shall be awarded to named Plaintiffs Theron Bradley and Tommie Jenkins pursuant to the terms of the Settlement Agreement. The Claims Administrator shall deliver these payments to Class Counsel for distribution to each of the Named Plaintiffs by May 4, 2018.

8. Class Counsel is awarded Thirty Thousand and 00/100 Dollars ($30,000.00), 30% of the Total Settlement Amount and 32% of the amount of the benefit to the Class, for attorneys' fees and litigation expenses in this matter. The Claims Administrator shall make this payment to Class Counsel pursuant to the Settlement Agreement by May 4, 2018.

9. In accordance with the Settlement Agreement, the Claims Administrator in this matter shall mail to each Claimant, at his or her last-known address, a check representing the net Settlement Payment by May 4, 2018.

10. This Court hereby dismisses all claims released in the Settlement Agreement on the merits and with prejudice and without costs to any of the Parties as against any other settling Party, except as otherwise provided in the Settlement Agreement.

11. Any Class Member who did not timely submit a Request for Exclusion from this Settlement fully release and discharges Defendant from any and all claims that were asserted in this action, as set forth in the Settlement Agreement.

12. Settlement Payment checks will become void if not negotiated within ninety (90) days of the date of issue. When un-negotiated checks become void, the

amounts of said checks will become part of the Remainder. The Remainder will be donated to Raise the Floor Alliance.

13. The Court grants final approval of the Settlement and all of its terms. This matter is dismissed without prejudice with leave to reinstate the matter by August 31, 2018. If the matter is not reinstated in a timely manner, it will be dismissed with prejudice without further action on September 1, 2018.

               **ENTER:**

               _____
               **Young B. Kim**
               **United States Magistrate Judge**